IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
        Plaintiff,

  vs.

PAUL JOHN GALLEGOS,
          Defendant.

Case No. 1:25-cr-3863-DHU

## Unopposed Motion to Withdraw Plea

Paul John Gallegos, Defendant, by and through undersigned counsel, Gregory M. Acton, hereby moves to withdraw his plea of guilty to the one-count Indictment (ECF No. 2), and as grounds states:

This Court convened a hearing on March 10, 2026 to accept Mr. Gallegos' plea of guilty to the Indictment. Mr. Gallegos pleaded without a plea agreement, and thus no plea agreement "admission of facts" was in the record.

During the hearing, the Government informed the Court and counsel for Mr. Gallegos that it had obtained information, subsequent to obtaining the Indictment, that one of the two prior felonies listed had been "pleaded down" to a misdemeanor, specifically, the second listed offense, "aggravated driving while under the influence." Mr. Gallegos admitted to the single prior felony, as is sufficient for the charge of "felon in possession." Nevertheless, the Indictment remains incorrect.

Mr. Gallegos is adamantly opposed to having this incorrect information in his record. Accordingly, the parties have agreed that Mr. Gallegos should withdraw his guilty plea to the Indictment and return to Court to plead to an Information alleging the single prior felony of "aggravated fleeing from a law enforcement officer."

"A defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). While a number of factors are considered by courts to determine whether a defendant has presented a 'fair and just reason" for requesting to withdraw a guilty plea,[1] the factors appear to contemplate a defendant who has no intention of again pleading guilty to a corrected charge, and therefore they are not applicable to the present unusual situation.

Mr. Gallegos submits that permitting him to withdraw his guilty plea to an Indictment which contains incorrect information regarding his criminal history, with the intention that he will plead to an information with correct information, is a fair and just reason for permitting him to withdraw his plea of guilty.

---

[1] *See e.g., United States v. Dominguez*, 998 F.3d 1094, 1103 (10th Cir. 2021) (quoting *United States v. Yazzie*, 407 F.3d 1139, 1142 (10th Cir. 2005)) (listing the following considerations: (1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the government; (3) whether he delayed in filing his motion, and if so, the reason for the delay; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available to him; (6) whether his plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources.)

Assistant United States Attorney Timothy Piatt has been contacted, and the United States does not oppose this Motion.

WHEREFORE, Defendant Paul John Gallegos respectfully requests the Court to enter an Order permitting him to withdraw his guilty plea and to deem it withdrawn.

Respectfully submitted,

*Gregory M. Acton*

Gregory M. Acton
ACTON LAW OFFICE, PC
6300 Riverside Plaza Ln. NW, Suite 100
Albuquerque, New Mexico 87120
(505) 338-0453

I HEREBY CERTIFY that on this 27th day of March 2026, I filed the foregoing document electronically through the CM/ECF system, which caused all counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing.

*Gregory M. Acton*

Gregory M. Acton